On the authority of *Plicque* v. *Bellowmé*, 2 An. 293, the appeal in this case must fail, it not being within the jurisdiction of the court.

<div align="right">LEMOINE<br>v.<br>GARCIA.</div>

*Appeal dismissed.*

---

## SUCCESSION OF DESTREHAN.

A tutor, appointed under the provisions of sec. 4 of the stat. of 10 March, 1834, on the express condition of his being exempted from giving security, cannot be subsequently required to give security, though the property of the minor, which, at the time of his appointment, consisted chiefly of real estate, has been since converted into money and negotiable paper, for the purpose of affecting a partition.

APPEAL from the District Court of Jefferson, *Clarke*, J. The judgment from which this appeal was taken is in these words:

"A rule was taken on the tutor of the minors *Destréhan*, requiring him to show cause why he should not give security for his administration, and, in default thereof, why his office should not be vacated. The appellant relies on art. 350, C. C. This provision of the Code we think relates only to tutors who are bound by law to give security. The present tutor was appointed under the act of 1834. He holds his office on the express condition that, he shall be dispensed with giving security. This court is without authority to change the terms and conditions on which the office was originally conferred by the law, and accepted by the incumbent. It is therefore ordered that the rule be dismissed." From this judgment, *Rost*, the plaintiff in the rule appealed.

*Roselius*, for the appellant. It is shown that, when the tutor of the minors was dispensed with giving security for the faithful administration of his trust, the property of his wards consisted almost exclusively in their interest in the real estate inherited from their father. Under the state of things then existing, the tutor could only administer this property in conjunction with the heir of age, and receive their share of the revenue yielded by it. But, shortly after his appointment, all the property was sold to effect a partition, and produced $173,310 30, three fourths of which will go into the possession of the tutor, either in money or negotiable notes.

The question is whether the act of 1834 is to be construed as exempting the tutor from furnishing security for the faithful administration of his trust, no matter what may be the change produced in disposable property or funds in the hands of the tutor? In other words, is the rule in the 330th art. of the Civil Code entirely inapplicable to a tutor who has been appointed under the act of 1834? There is certainly nothing in the language of that law which imperatively requires such an interpretation. Before a tutor can be dispensed with the obligation of giving security a family meeting is to be consulted. Now, on what fact is their advice to be based? Surely on the special circumstances of the case; they must take into consideration the extent of the responsibility which will devolve on the tutor. And can it be seriously pretended that when, as in the present case, that responsibility is comparatively light, at the time the dispensation was granted, such an entire alteration in the state of facts as is shown to have taken place here cannot effect the obligation of the tutor to give security. It is confidently submitted that this is not a sound construction of the law of 1834. The policy of the law is to protect the rights of minors.

*F. B.* and *C. M. Conrad, contrâ.* The defendant received his appointment under the provisions of the act of 1834. On the trial of the rule it was shown that, those who had a right to the tutorship declined it, in consequence of the tacit mortgage and of the security they would have been obliged to furnish. These facts were placed before the family meeting, and they recommended to the court the appointment of the defendant without security, under the provisions of

<div style="float:left">SUCCESSION<br>OF<br>DESTREHAN.</div>

the 4th section of that act. Here then the case contemplated by that act had occurred. "No one would take upon himself the tutorship and comply with the existing law, by giving security, &c." And accordingly the court, with the advice of the family meeting, nominated "a discreet and responsible person" to be tutor. If no one would give the required security, when the estate, according to the plaintiff's argument, involved comparatively trifling responsibility, this unwillingness to act would certainly exist in a stronger degree when both the responsibility and the security are augmented, and no one would now be found to act as tutor to the minors. The act of 1834 exempted the tutor from giving security, without reference to the estate or condition of the minor. It is an exception to the general principle of art. 330, and after the family meeting and the judge have conferred the appointment, there is nothing in the act authorizing a change in its terms. The plaintiff however goes back to the article of the Code, the language of which is inconsistent with the provisions of the special act; for the latter says, in express terms, that the duties of the tutor shall be the same as required by the existing laws, except as to giving security; while the former, intended only for cases of tutorship in which security had already been furnished, says that "this security may be increased or diminished at the instance &c." It is highly illogical to say that a security, which under the act of 1834 was never given or required, should be increased or diminished.

The judgement of the court, (*Rost*, J. not sitting, ) was pronounced by

SLIDELL, J. For the reasons assigned by the district judge it is decreed that the judgment be affirmed, with costs.

---

## COURTADE *v.* CHAMBERLAIN et al.

The administrator of a succession, being an officer appointed by the court for the discharge of certain duties, must be considered always present in court, like a party to proceedings there pending; and no prescription can commence to run in his favor before the homologation of his account.

APPEAL from the District Court of Jefferson, *Clarke*, J. *Thompson*, for the plaintiff. *W. H. Hunt*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. This cause was tried *ex parte*. It is said that a sufficient interval, under the rule of the court, had not elapsed between the time of setting for trial, and the day of trial. It would be with reluctance that we would reverse an intrepretation of his own rule by a district judge, except in a very clear case of error; and we will express no opinion on the point, as, on other grounds, we have determined to remand the case.

The object of this action is to impose on the heirs of *Chamberlain*, one of whom is a minor, a responsibility for the gross amount of the inventory of the estate of *Laglaise*, of which *Chamberlain* was appointed administrator, in 1832. After *Chamberlain's* death, the present plaintiff took out, in 1846, letters of administration of *Laglaise's* succession. The heirs of *Chamberlain* answered that he had undertaken the succession merely to protect the interest of one *Borgas*, whose agent he was, and who held a privileged claim sufficient to absorb the succession; that *Chamberlain* was also a creditor of *Laglaise*, for an amount exceeding his gross estate. Interogatories were propounded to the plaintiff pertinent to the defence.

At the trial of the cause, in the absence of the defendants, the plaintiff offered what it is reasonable to believe are detached portions of the record of *Laglaise's* succession, and not the entire record. The gross inventory was $469, consisting